Mr. Chief Justice Shamcey
delivered the opinion of the court.
The appellant petitioned the probate court, to be appointed guardian of the minor children of his brother, Charles C. Spaun, deceased; and to have the appellee, who had been previously appointed, removed from his office.
The petition charges the appellee with a combination with the administrator, to defraud the heirs. It seems that one His-lep intermarried with the widow of C. G. Spaun, who was administratrix, and became administrator, in which capacity a decree for a large amount was entered against him, on his final settlement, in favor of the estate. Hislep was also guardian of the children, but resigned the trust, and, on his petition, Collins was appointed. After this, Hislep filed his bill in the district chancery court, to set- aside the decree of the probate court, because it was made in his absence, and hp was improperly charged, without an allowance of his proper credits. This bill Collins answered, in his capacity of guardian. The bill and answer are exhibits to the petition. This answer is made the ground of objections to Collins, as guardian.
The appointment of guardians is a matter so peculiarly within the jurisdiction of the probate court, to be determined by its discretion, that it must be difficult to interfere with its appointments. In this instance, both parties ar.e conceded to be qualified. The answer to the chancery suit, filed by the appel-lee, is not free from objections, it concedes too much. But this was a matter for the exercise of the discretion of the judge of probate. It presents no such error in law as would justify us in reversing the judgment of the probate court. It appears that one of the children was over fourteen, and made choice of the appellee, and he was appointed guardian of the others on the petition of Hislep, the former guardian. Such a petition should have been entitled to but little weight, but this, too, was a matter within the discretion of the judge.
The only question of law in the case is this: has the appellant, who is the uncle of the children, a legal right to the office of guardian, in preference to the appellee, who is a stranger ? The wife had the first right, but her husband resigned the trust, *626 which must be regarded as a relinquishment on her part. The statute gives a preference to the natural guardian, or next of kin, if any such apply, unless such applicant be manifestly unsuitable to take the management of the person and estate of the orphan. H. & H. Dig. 336. Under this statute, the court has, of course, great latitude in deciding on the competency of the applicants. But when it is manifest that the next of kin is in all respects suitable to take the management of the person and estate of the orphan, he has a legal right to be preferred; and if the probate court may, under such circumstances, disregard his claims, the statute is a dead letter. In the absence of clear proof, we should not incline to interfere, because we should be bound to presume that the discretion of the probate court had been prudently exercised. But in this case, the uncle is admitted to be qualified, and we think he has a legal right to be preferred, so far as relates to the children who are under fourteen. Chilton’s Probate Court Law, 481-2.
Decree reversed, and cause remanded.